IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA FABIANO** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 05-256 |
| | : | |
| **JO ANNE B. BARNHART** | : | |
| **Commissioner of the Social Security** | : | |
| **Administration** | : | |

## ORDER

**AND NOW,** this 30th day of March, 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Document No. 8), the Defendant's Motion for Summary Judgment (Document No. 9), the plaintiff's response, the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport (Document No. 12), the Defendant's Objections to the Report & Recommendation, the plaintiff's response, and after oral argument and a thorough and independent review of the record, it is **ORDERED** as follows:

1.     The Magistrate Judge's Report is **APPROVED**[1] and his Recommendation is **ADOPTED**;[2]

---

[1] The magistrate judge incorrectly noted that the claimant was a "younger individual" under the Social Security regulations. *Report & Recommendation* ("R&R") at 3. At fifty-four years old, she was actually a person "closely approaching advanced age" when she last worked. 20 C.F.R. § 416.963(d). In addition, the R&R states that the ALJ "never discussed the fact that Dr. Scott Cohen completed a Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities." R&R at 27. While the ALJ failed to reconcile Dr. Cohen's limitations on the claimant's ability to perform substantial gainful activity, he did list Dr. Cohen's findings. *Administrative Record* ("R.") at 26-27. These inaccuracies do not affect the conclusions reached by the magistrate judge.

[2] A claimant's subjective complaints of pain must be considered even when they are not supported by objective evidence. *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993) (citation omitted). Moreover, when a claimant has a lengthy work history, her testimony concerning subjective complaints is entitled to substantial credibility. *Weber v. Massanari*, 156 F.Supp.2d 475, 486 (E.D. Pa. 2001) (citing *Taybron v. Harris*, 667 F.2d 412, 415 n.6 (3d Cir. 1981)).

The ALJ adopted a medical consultant's opinion over those of the claimant's treating physicians without sufficient explanation. He rejected the treating physicians' conclusions on the basis of his perceived lack of objective evidence. R. at 406. After determining that the objective evidence could not "reasonably be expected to produce" the claimant's alleged symptoms, the ALJ found the claimant not to be fully credible. R. at 30-31; *See* 20 C.F.R. § 404.1529. He did not adequately consider her complaints of pain, nor did he give sufficient weight to her significant employment record. On remand, in addition to reassessing and more

2.	The plaintiff's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**;

3.	The defendant's motion for summary judgment is **DENIED**; and,

4.	This case is **REMANDED** for further proceedings consistent with the Report and Recommendation.

                                                 s/ Timothy J. Savage
                                                TIMOTHY J. SAVAGE, J.

---

fully explaining his treatment of the claimant's treating physicians' opinions, the ALJ must also give due consideration to the claimant's subjective complaints.